## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MATTHEW BAKER <br> 1246 Hall Road <br> Nesbit, MS 38651 | ) <br> ) <br> ) <br> ) <br> ) | |
| *Plaintiff*, | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. |
| FRANK KENDALL III, <br> *in his official capacity only, as* <br> Secretary of the Air Force <br> Department of the Air Force <br> 1670 Air Force Pentagon <br> Washington, DC 20330-1670 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| *Defendant*. | ) <br> ) <br> ) | |

## COMPLAINT IN A CIVIL CASE

Plaintiff Matthew Baker ("Plaintiff"), by and through undersigned counsel, respectfully

brings this civil action against Defendant Frank Kendall III ("Defendant"), in his official

capacity as U.S. Secretary of the Air Force.  Plaintiff asks the Court to hold that Defendant,

through the Air Force Board for Correction of Military Records ("AFBCMR"), has, in a manner

arbitrary, capricious, and contrary to law, denied Plaintiff's application to correct his military

record, and that such denial is unlawful under the Administrative Procedure Act ("APA").  As

grounds therefore, Plaintiff alleges:

## PARTIES

1.      Plaintiff served in the U.S. Air Force from May 1991 until he honorably retired as

a Lieutenant Colonel ("Lt Col") in September 2013.  He was on active duty from May 1991 until

October 2001, in the Active Reserve from October 2001 to February 2005, in the Selected

Reserve ("CAT B") from February 2005 to February 2011, and in the Participating Individual

Ready Reserve ("PIRR") from February 2011 until he retired in September 2013.

2.      Defendant is Secretary of the Air Force and is named in his official capacity only

as the head of the U.S. Air Force ("Air Force"). *See* 10 U.S.C. § 9013(a)(1).

## JURISDICTION AND VENUE

3.      These claims are brought under the APA. Therefore, this Court has jurisdiction

over this civil action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C.

§ 703.

## STATEMENT OF FACTS

5.      Plaintiff was improperly denied the right to transfer his Post-9/11 GI Bill benefits

to his now-college-age daughter.

6.      In February 2010, Plaintiff requested certification of his eligible Post-9/11 GI Bill

benefits, and he received that certification in August 2010.  In September 2010, he then

requested to transfer those benefits to his daughter.  In connection with that request to transfer

his benefits to his daughter, Plaintiff signed a contract that stated he had a one year obligation to

stay in the Selected Reserve, from September 27, 2010 through September 26, 2011, but that the

"Commander of the Air Force Reserve (or designee) may excuse [him] from [his] obligation to

serve on Reserve duty for the period specified in th[e] agreement when such authority deems

release [is] in the best interests of the Air Force."

7.      Plaintiff's request to transfer his Post-9/11 GI Bill benefits ("TEB") to his

daughter was granted pursuant to his command's recommendation for approval.  However, on or

about that same time, he was notified that his one year period of obligated service was

unilaterally changed *to two years of* obligated service, and his notice no longer contained the

qualification that he must serve in the Selected Reserve; instead, the notification simply said that

he had to "stay in the Armed Forces."

8.      Shortly after Plaintiff's TEB request was granted, an opportunity arose for him to

serve as the Executive Officer, United States Air Force Academy Admissions Liaison Officer,

which was in the PIRR, not CAT B.  This transition was approved by Air Force Reserve

Command, and still required Plaintiff to remain within height/weight requirements, remain

physically fit, complete all required professional military education, and complete fifty drill

points per year to maintain a satisfactory year for retirement purposes.

9.      Plaintiff transitioned to that billet in February 2011, where he stayed until his

retirement in September 2013.

10.      At the time of his transfer to the PIRR, his command was aware of his approved

TEB, and yet made no mention that such a transfer would cause him to lose all transferred Post-

9/11 GI Bill benefits.  Indeed, Plaintiff was told by his command that his continued service in the

PIRR as the Executive Officer, United States Air Force Academy Admissions Liaison Officer,

would satisfy his TEB-obligated service.

11.      Per Department of Defense Directive-Type Memorandum 09-003 (June 22, 2009,

incorporating Change 2, September 14, 2011) ("DTM 09-003"), a service member is required to

receive individualized counseling on the Post-9/11 GI Bill prior to separation.  Despite this

requirement, Plaintiff never received any such individualized counseling prior to his separation.

12.      DTM 09-003 requires the service to provide a member with counseling on not just

the Post-9/11 GI Bill itself, but the specifics of any transfer requirements. If a service fails to

conduct this requisite training, then any decision in which the service member is denied a

correction to his record in connection with a TEB will be deemed arbitrary, capricious, and contrary to law.

13.     Notwithstanding Plaintiff's two years of continued service to the Air Force as a condition of his TEB, on 19 August 2020, Plaintiff and his daughter first discovered that she was being denied his Post-9/11 GI Bill benefits when she attempted to use those TEBs, and the Air Force told her that her veteran father was "not eligible" to transfer his earned benefits to her.

14.     On December 21, 2020, Plaintiff appealed that TEB denial to the AFBCMR.  His appeal was denied on June 23, 2021 on the grounds that he did not meet his original 1-year TEB service obligation.

15.     Separately, the AFBCMR denied Plaintiff's appeal on the grounds that it was not filed within the three-year period normally allowed—with the three years commencing on the date he elected the TEB in September 2010 and not when he discovered the TEB had been denied in August 2020—and it would not be in the interest of justice to excuse the delay.

16.     This Complaint follows. Claims under the APA must be filed within six years of the agency action. 28 U.S.C. § 2401. As the agency action was final on June 23, 2021, this Complaint is timely filed.

## STATEMENT OF CLAIMS

### CAUSE OF ACTION ONE:
### VIOLATION OF APA

**THE AFBCMR DECISION WAS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW BECAUSE PLAINTIFF WAS NOT PROVIDED THE REQUIRED INDIVIDUALIZED COUNSELING.**

17.     Plaintiff incorporates by reference herein paragraphs 1-16 of this Complaint.

18.     DTM-09-003 required the Air Force to provide individualized counseling to Plaintiff on his Post 9/11 GI Bill benefits prior to his separation from service.

4

19.     Plaintiff never received that required individualized counseling; to the contrary, even his own command within the Air Force Reserve did not understand the obligation requirements as his initial TEB request, executed and submitted with the assistance of his command, noted that he had a one year, not a two year, continued service obligation.

20.     The AFBCMR's denial of Plaintiff's TEB appeal, without Plaintiff having received his required individualized counseling prior to separation, let alone accurate counseling, renders the AFBCMR's denial arbitrary, capricious, and contrary to law.

21.     This Court should hold that the AFBCMR's decision in denying Plaintiff's TEB appeal was arbitrary, capricious, and contrary to law, and amend his record to reflect completion of the requisite service.

## CAUSE OF ACTION TWO: VIOLATION OF APA

**THE AFBCMR DECISION WAS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW BECAUSE PLAINTIFF'S COMMAND APPROVED HIS TRANSFER TO PIRR.**

22.     Plaintiff incorporates by reference herein paragraphs 1-16 of this Complaint.

23.     Plaintiff's command approved his transfer from CAT B to PIRR within his initial one-year continued service window in connection with his TEB request.

24.     Plaintiff was assured by that same command that his transfer from CAT B to PIRR would have no impact on his service obligation or his ability to transfer his Post-9/11 GI Bill benefits to his daughter.

25.     Plaintiff's transfer was in the best interest of the Air Force, and therefore his command's approval of his transfer to the PIRR constituted a waiver of his continued service obligations in CAT B.

26.     This Court should hold that the AFBCMR's decision in denying Plaintiff's TEB request was arbitrary, capricious, and contrary to law, and amend his record to reflect completion of the requisite service.

**CAUSE OF ACTION THREE:**
**VIOLATION OF APA**

**THE AFBCMR'S DECISION TO DENY PLAINTIFF'S AFBCMR APPEAL AS UNTIMELY WAS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW**

27.     Plaintiff incorporates by reference herein paragraphs 1-16 of this Complaint.

28.     10 U.S.C. § 1552(b) provides that any claim for relief to a Board for Correction of Military Records on the basis of error or injustice must be made within three years of the discovery of the error or injustice.

29.     Plaintiff and his daughter did not discover the error or injustice alleged in this Complaint until she attempted to use the TEB upon enrolling in college in August 2020. Up until that time, Plaintiff was under the belief and understanding that he had successfully transferred his Post – 9/11 GI Bill benefits to his daughter.

30.     Plaintiff appealed the denial of the TEB in December 2020, well within the three-year timeframe set out by the statute.  Despite his timely appeal, the AFBCMR denied his appeal as being beyond the three-year statute of limitations.

31.     This Court should hold that the AFBCMR's decision in denying his TEB as untimely was arbitrary, capricious, and contrary to law, and set aside that determination.

**REQUEST FOR RELIEF**

Wherefore, Plaintiff, by and through counsel, respectfully requests that this Court: (1) hold that the Defendant, through the AFBCMR, acted in a manner arbitrary, capricious, and not in accordance with law by denying Plaintiff's TEB on the grounds that he did not meet his

original 1-year TEB service obligation; (2) hold that Defendant, through the AFBCMR, acted in a manner arbitrary, capricious, and contrary to law by deeming Plaintiff's AFBCMR appeal untimely filed; (3) hold that Plaintiff's AFBCMR was timely filed; (4) remand and order the AFBCMR to correct Plaintiff's military record to reflect that he fulfilled his continuing service obligations in connection with his TEB; (5) grant Plaintiff an award of reasonable costs and attorney fees incurred in this civil action pursuant to 28 U.S.C. § 2412; and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 19, 2022

Respectfully submitted,

Carol A. Thompson
D.C. Bar No. 1658143
*Partner*
THE FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, DC 20006-2317
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com

*Counsel for Plaintiff*